**Kamaljeet KAUR, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 06–70018.**

United States Court of Appeals, Ninth Circuit.

Submitted May 16, 2007.*

Filed May 23, 2007.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Hardeep Singh Rai, Rai & Associates, PC, Huang Tsz–Hai, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Larry P. Cote, Esq., Sada Manickam, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, REINHARDT, and TASHIMA, Circuit Judges.

## MEMORANDUM **

Kamaljeet Kaur, a native and citizen of India, petitions for review of the Board of Immigration Appeals' order summarily affirming an Immigration Judge's ("IJ") denial of her application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We grant the petition for review and remand.

The IJ found that Kaur's testimony was not credible. The IJ also found, that even if credible, Kaur's asylum and withholding of removal claims failed because she did not establish a nexus to a protected ground.

We conclude that the IJ's adverse credibility determination is not supported by substantial evidence because it fails to identify any inconsistencies that go to the heart of Kaur's asylum claim. *See Singh v. Gonzales,* 439 F.3d 1100, 1105 (9th Cir. 2006); *see also Bandari v. INS,* 227 F.3d 1160, 1167 (9th Cir.2000).

We also conclude that the incidents Kaur described were, at least in part, on account of imputed political opinion. *See Navas v. INS,* 217 F.3d 646, 660–61 (9th Cir.2000).

Because the IJ's decision did not independently address whether Kaur has a well-founded fear of future persecution, and whether, if credible, Kaur is eligible for CAT relief, we grant and remand for further proceedings consistent with this disposition. *See INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED and REMANDED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.